IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| AARON COTTON | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv301 |
| BEAUMONT ENTERPRISE | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Aaron Cotton, an inmate at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Beaumont Enterprise.[1]

Factual Background

Plaintiff claims the defendant, a newspaper company, made a statement that he was charged with "indecency to a child" which is not true. Plaintiff claims the alleged false statement has caused damage to his reputation, and he now seeks compensation.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment in accordance with 28 U.S.C. § 636(c). The defendants in this action have not been served; thus, they are not parties to the action at this time. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

42 U.S.C. § 1983.

The misuse of power, possessed by virtue of state law and made possible only because the official is clothed with the authority of state law, is action under color of state law. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). A defendant acts under color of state law if he misuses or abuses his official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Id*. If, however, a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law. *Harris v. Rhodes*, 94 F.3d 196, 197 (5th Cir. 1996).

Two allegations are required in order to state a cause of action under 42 U.S.C. § 1983. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference, not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, plaintiff has failed to allege or demonstrate that the actions of the Beaumont Enterprise are attributable to the state. Further, plaintiff has failed to show that the defendant intentionally acted to deprive plaintiff of his constitutional or statutory rights. Accordingly, plaintiff's claims should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

<u>Order</u>

For the reasons set forth above, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. A final judgment will be entered in this case in accordance with this order.

SIGNED this 23rd day of July, 2014.

_____
Zack Hawthorn
United States Magistrate Judge